**Reverse and Remand and Opinion Filed February 3, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01705-CR

### JULIO EDGAR RUIZ JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-24859-P**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Francis

In a bench trial, Julio Edgar Ruiz Jr. pleaded no contest to the offense of aggravated sexual assault of a child. The trial court found Ruiz guilty and assessed punishment at eighteen years in prison and a $3000 fine. In his sole issue on appeal, appellant argues the trial court reversibly erred by failing to admonish him about the immigration consequences of his plea. The State concedes the issue. After reviewing the record, we agree the trial court erred in failing to give the required admonishment and that the error was harmful. We therefore reverse the trial court's judgment and remand for further proceedings.[1]

---

[1] The judgment in this cause contains a number of errors, including the offense for which appellant was convicted, the statute for the offense, appellant's plea, and the punishment assessed. Generally, we would modify the judgment to correct these errors; however, our disposition of this appeal makes such action unnecessary.

Appellant was indicted on a charge of continuous sexual abuse of a young child. Before jury selection was to begin, appellant appeared before the court. A translator was present to interpret from English to Spanish and vice-versa. The court explained that if convicted, appellant faced a punishment range of twenty-five years to ninety-nine years or life in prison with no possibility of probation or parole. The court advised appellant that the State had made a plea bargain offer. Thereafter, defense counsel outlined a previous plea offer rejected by appellant in which the State offered twenty-five years in exchange for a plea of guilty. Counsel then outlined another offer made by the State earlier that day to "reduce" the charge to aggravated sexual assault of a child in exchange for a plea of guilty. Defense counsel explained to appellant that the range of punishment on the reduced charge was five to ninety-nine years or life with the possibility of parole and the possibility of deferred probation. Appellant rejected that offer.

The trial court then spoke to appellant and explained the possible outcomes if he pleaded guilty to aggravated sexual assault. The court then informed appellant of yet another offer in which the State would reduce the charge to aggravated sexual assault if appellant would agree to waive his right to a jury trial and try the case before the court. After conferring with counsel, appellant informed the trial court that he accepted the offer. The next day, the State made an oral motion to amend the indictment to reflect a charge of aggravated sexual assault of a child, which the trial court granted. After a brief discussion, appellant pleaded no contest to aggravated sexual assault of a child. After hearing the evidence, the trial court found appellant guilty.

Article 26.13 of the Texas Code of Criminal Procedure requires that certain admonishments must be given to a defendant who is pleading guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2013). Among other things, the trial court must admonish a defendant of "the fact that if the defendant is not a citizen of the United States

of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law[.]" *Id*. § 26.13(a)(4). Substantial compliance is sufficient unless the defendant shows he did not understand the consequences of the plea and was harmed or misled by the admonishments given. *See id.* § 26.13(c).

When the trial court wholly fails to give the required admonishment, there is no substantial compliance with the requirements of article 26.13. *See VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). Failure to give the required admonishment is subject to non-constitutional harm analysis set out in rule of appellate procedure 44.2(b), which provides that "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *Id*.; TEX. R. APP. P. 44.2(b). The critical inquiry is whether, considering the record as a whole, there is a fair assurance that the defendant's decision to plead guilty or nolo contendere would not have changed had the court admonished him. *VanNortrick*, 227 S.W.3d at 709. We consider the following relevant factors: (1) whether appellant knew the consequences of his plea; (2) the strength of the evidence of appellant's guilt; and (3) appellant's citizenship and immigration status. *Id*. at 712. Neither party has the burden to prove harm or harmlessness. *Id*.

With respect to first factor, there is no discussion or reference to appellant's citizenship, immigration status, or deportation consequences of appellant's plea at any of the hearings. Further, the clerk's record does not contain any written plea papers that explain such consequences. Consequently, the record does not contain any indication that appellant was aware of the immigration consequences of his no-contest plea.

As to the second factor, the court of criminal appeals has indicated that the strength or weakness of the evidence against an appellant makes "little difference" to the harm analysis

where the record does not reveal the defendant knew about the immigration consequences of his plea. *Id.* at 713. Thus, even if the evidence in this case is compelling, we would have no fair assurance appellant would not have changed his no-contest plea had he been properly admonished. *See id.* Finally, the clerk's record in this case includes the arraignment sheet, which shows appellant is a citizen of Mexico. Appellant and his sister made references during their testimony to appellant's having grown up outside the United States and to his living in Mexico. Having reviewed the factors, we conclude appellant was harmed by the trial court's failure to admonish him on the immigration consequences of his plea. We sustain appellant's sole issue.

We reverse the trial court's judgment and remand for further proceedings.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121705F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JULIO EDGAR RUIZ JR., Appellant

No. 05-12-01705-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F08-24859-P.

Opinion delivered by Justice Francis;

Justices Lang-Miers and Lewis participating.

     Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered February 3, 2014

/Molly Francis/

MOLLY FRANCIS
JUSTICE